STANDARD OIL COMPANY OF LOUISIANA *v.* BURNS.

4-4029

Opinion delivered November 4, 1935.

*O. M. Young,* for appellant.

*Meehan & Moncrief,* for appellee.

BUTLER, J. On April 4, 1932, the appellant obtained a judgment against the appellee in the Arkansas Circuit Court in the sum of $335.05. On November 2, 1932, an execution was issued on said judgment and returned *nulla bona* on January 2, 1933. On that day a second execution was issued which was likewise returned *nulla bona* on March 2, 1933.

The appellee, who is a farmer and rice grower, had obtained advances from the Riceland Credit Corporation to finance his farming operations, and had, in the hands of said credit corporation, a quantity of rice mortgaged to secure said advances. This rice was sold by the credit corporation, which from the proceeds paid itself the sums due it by the appellee and delivered to the latter

its check for the balance in the sum of $428.90. This transaction occurred on February 20, 1933. Appellee owed the thrasher men for the thrashing of his rice, the sum of $100. In the afternoon of February 21, 1933, appellee delivered this check to the attorney of the appellant company, but which was not presented for payment on that day. It was drawn on the First State Bank of Stuttgart which closed its doors at the close of banking hours on February 21, 1933, and did not thereafter open. On February 23, 1933, it was taken over by the State Banking Department as an insolvent bank. The attorney retained the check in his possession until June 13, 1933, and on that day returned the same to the appellee with the advice that he had been unable to collect it.

Appellee brought this suit alleging that about one o'clock on the afternoon of February 21, 1933, he indorsed and delivered the check in question to the attorney and agent of appellant company with the express understanding that the agent would present it to the drawee bank within the banking hours of that day and from the proceeds would satisfy appellant's judgment and pay to appellee $100; that appellant's agent negligently failed to present the check on that afternoon; that the following day was a legal holiday and the bank did not open for business; that on February 23, 1933, the bank failed to open, and the check remains unpaid; that appellant's agent failed to satisfy said judgment and to pay the sum of $100 to appellee as agreed; that appellant is liable in the sum of $150, statutory penalty for failing to satisfy the judgment. The prayer was that the judgment be canceled and satisfied in full, and that appellee recover the sum of $250.

The answer denied the authority of the agent of appellant company to settle with appellee and satisfy the judgment, denied the other allegations of the complaint, and alleged that the agent and attorney, as a personal favor to the appellee, handled the said check for the purpose of collecting same, paying from the proceeds the sum of $100 to W. M. Schafer and the balance to the sheriff to be applied toward the satisfaction of the execution then in his hands.

Appellee testified in effect that the debt due the appellant company, which had been reduced to judgment, was for tractor fuel; that there was an overcharge of $26 and that the attorney agreed to credit the judgment with this amount; that the attorney had been trying to collect the judgment, and an execution was then outstanding against the witness; that he went to the attorney and explained that he could not pay then, but would pay out of his rice crop; that the attorney advised witness that when he sold his rice to bring the check to him; that he received the check about ten o'clock on the morning of February 20, 1933, and immediately carried it to the attorney's office, but the latter was not in; that the next morning he went back again and was informed by one in the office that he might see the attorney at one o'clock at which hour he again returned to the office, found the attorney in, indorsed the check and delivered it with the understanding and agreement that it should be presented to the bank within the banking hours of that afternoon and $100 of the proceeds be delivered to witness when he returned from his farm in the evening; that when he came back from the farm the attorney was not in his office and witness did not see him until the next morning which was a legal holiday and the bank was closed; that on the following morning witness again saw the attorney, who told him that he did not think the bank would open; that the bank did not open again, and witness told the attorney that he wanted the $100 and a receipt for the judgment. The attorney advised him that he could not do that just then; that it looked as if they would have a lawsuit over it, and a few days later the attorney informed him that he was going to sue the credit corporation for the appellant on the check; that the attorney kept the check in his possession until June 13, 1933, when it was returned with the advice that he had been unable to collect the same.

Mr. Fuess, manager of the Riceland Credit Corporation, testified that, at the time the check was drawn, the corporation had on deposit in the State Bank of Stuttgart ample funds to pay the check if it had been presented at any time between its date and the day the bank

was closed. He further testified that the attorney for the appellant company stated to him, after the bank had closed, that if the credit corporation did not pay the check he would bring suit against the corporation for the appellant to recover the amount for which it had been given.

Mr. Young, the attorney for the appellant company, testified in effect that he had authority to collect the judgment, but no authority to make any compromise, and that appellee had never asked for any; that appellee came to him and asked as a favor that he handle the check which appellee expected to obtain for his rice within a few days; that, if appellee took the check to the bank, it would be applied on the payment of a debt due by appellee to said bank, and he wanted to deliver the check to witness to cash and give the thrasher men $100, the balance to be applied on the judgment; that the following week appellee advised witness that the rice had been sold, but he had not yet gotten his settlement; that later, about 2:30 on the afternoon of February 21, 1933, appellee delivered the check to him, and he then told appellee he was busy in court but would attend to the matter the next morning; that the bank closed, and he returned the check to appellee, who said that he would see Mr. Fuess and get the money on the check; that later appellee came back to witness' office, informed him that he could not get any money, and asked witness to collect it for him. Witness took the matter up with Mr. Fuess and after a time was informed that the credit corporation would not pay the check; that he then returned it by mail to the appellee, informing him that witness was returning the check delivered to him for collection; that he had made several attempts to collect the item and advised appellee to get some one else to represent him in the matter of collection from the credit corporation.

The evidence is to the effect that all parties resided in Stuttgart, the city in which the First State Bank of Stuttgart was located; that this bank was just a few doors from the office of the credit corporation and that of Mr. Young.

A number of instructions were given at the request of the defendant (appellant) to the effect that appellant was not required to present the check to the bank on a legal holiday but that this might be done on the next succeeding business day; that if the check was delivered to the attorney of appellant company at the instance of appellee with the request that it be cashed and directions given as to the application of its proceeds, the attorney would be acting as the agent of the appellee, and not as the representative of the appellant company in that particular. Instructions were also given on the question of a reasonable time within which the check might have been presented for payment and on reasonable diligence required for such presentation. The jury was told that the presumption was that the check was given by way of security, and the burden was upon the appellee to show otherwise.

Other instructions were requested by the appellant and refused by the court, but as to these no complaint is made.

Upon its own motion, the court gave the following instruction: "If you find that J. R. Burns is entitled to recover the amount of the check, less the amount due the Standard Oil Company, figured out by its attorney, which, according to the proof, leaves a balance of $31.43, the difference between the amount of the check and the amount Mr. Burns owes the Standard Oil Company. If you find that he is entitled to recover that amount, he would be entitled to recover 6 per cent. interest per annum on $31.43 from February 21, 1933." When this instruction was given, the court announced that the plaintiff (appellee) would be given permission to amend his complaint in accordance with the instruction, whereupon the attorney for appellee amended the prayer of the complaint so as to ask for a recovery of the difference in the amount of the check and the judgment, and for a money judgment in the sum of $250 with costs.

The jury returned a verdict in favor of the appellee in the sum of $31.43 with interest from February 21, 1933. Judgment was accordingly rendered, and this appeal followed.

On behalf of the appellant it is argued that there was no proof of any damage because of the negligence of the appellee to present the check on the afternoon of February 21, 1933, and that there was no allegation nor proof that the check was to be accepted in payment of the judgment.

Appellee cites us to a number of authorities holding in effect that an agent authorized to collect money may receive a check payable to himself and indorse and collect the same. We deem this question of no importance for it was not an issue in the case. Appellant cites us to authorities holding that an agent authorized to collect a judgment has no implied authority to accept less than the amount of such judgment or anything except in lawful money in payment thereof; also, that the presumption is that the acceptance by a creditor of a check is presumed to be security for the payment of a debt.

Under the allegations of the complaint, which was only amended with respect to the prayer, we are of the opinion that the only issue for submission to the jury was the negligence of the appellant, if any, in failing to present the check for payment on the afternoon of February 21, 1933. The instruction given by the court on its own motion, however, gave the jury no guide to determine the question of whether or not appellee was entitled to recover, merely telling the jury in effect that the agent of appellant had no authority to compromise and accept a less sum than the face of the judgment, and that appellee was not entitled to recover the statutory penalty or anything more than the difference between the amount of the check and the judgment.

If it may be said that the question of the negligence of appellant, if any, was properly presented to the jury, then we agree with the appellant that no damage has been proved. The most that can be said is that the check has not yet been paid, and that the Credit Corporation had on deposit a sum sufficient to pay the check if it had been presented on the afternoon of February 21, 1933. There is no evidence, however, to the effect that the First State Bank of Stuttgart will not pay its creditors in full or that it had in fact any money in its vaults after one

o'clock P. M., on February 21, 1933, to pay the check had it been presented.

We think, as previously indicated, that the instruction given by the court on its own motion is defective in that it failed to submit to the jury any theory of law or fact as a basis for its deliberation.

The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings.